# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO:2:05-CR-131-A |
| ) | |
| UWANA FABIUM ROBINSON ) | |

## MOTION FOR DOWNWARD DEPARTURE FOR DIMINISHED MENTAL CAPACITY

**COMES NOW** the Defendant, Uwana Robinson, by and through undersigned counsel and pursuant to U.S.S.G. § 5K2.13, and respectfully moves this Court for a downward departure in Mr. Robinson' offense level as determined by the Court at sentencing, based upon Mr. Robinson' diminished mental capacity.

## REQUIREMENTS FOR DIMINISHED CAPACITY DEPARTURE

A departure based on diminished mental capacity is an encouraged downward departure. U.S.S.G. § 5K2.13; *United States v. Steele*, 178 F.3d 1230, 1240 (11th Cir. 1999) (finding that the Sentencing Commission "expressly encourages district courts to consider whether the defendant suffered from 'significantly reduced mental capacity' at the time of the offense when deciding whether to grant a downward departure.")

Section 5K2.13 of the Sentencing Guidelines has been amended several

times and now states:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.
>
> However, the court may not depart downward below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110 or 117, of title 18, United States Code.

U.S.S.G. § 5K2.13.

Because Mr. Robinson was suffering from a significantly reduced mental capacity at the time of the offense, and because his mental capacity contributed substantially to the commission of the offense, Mr. Robinson should be granted a downward departure. The listed factors which preclude application of this departure guideline are not present in this case: his mental state is not the result of the use of drugs; the offense did not involve actual violence or the threat of violence; and he has not been convicted of an offense under the specified criminal code provisions.

Therefore, at sentencing, the Court should determine to what extent Mr. Robinson's reduced mental capacity contributed to the offense and depart from the advisory guidelines accordingly.

## FACTORS IN SUPPORT OF A DOWNWARD DEPARTURE

Uwana Robinson showed signs of learning disabilities while in school and was evaluated by Dr. Theron M. Covin. Dr. Covin's evaluation was filed with this Court under seal on or about February 7, 2006. That evaluation concluded that Mr. Robinson functions within the mild mental retardation range, that he suffers from an anxiety disorder and post traumatic stress disorder, and that he is functionally illiterate and cognitively impaired. Mr. Robinson has a full-scale IQ of 58. His reading, spelling and arithmetic abilities are at the kindergarten and first grade level. His school records reflect placement in special education classes, poor achievement, and a failure to graduate. Mr. Robinson received Social Security benefits, for a period of time, as a result of his mental disabilities.

Mr. Robinson has suffered three head injuries, one of which occurred in a childhood accident which resulted in the death of his eight year old brother. His brother's death had a profound impact on Uwana, causing him depression, anxiety and continuing nightmares.

Mr. Robinson, while undeniably guilty of the offense to which he has pled

guilty and for which he is due to be sentenced by this Court, was easily led by others into participation in this offense.

## CONCLUSION

For the reasons set forth above, Uwana Robinson respectfully requests that the Court grant his motion and depart downward from the applicable base offense level as determined at the time of sentencing.

Dated this 10th day of February, 2006.

    Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Defendant
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: A. Clark Morris, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

> **s/Christine A. Freeman**
> **CHRISTINE A. FREEMAN**
> **TN BAR NO.: 11892**
> Attorney for Uwana Robinson
> Federal Defenders
> Middle District of Alabama
> 201 Monroe Street , Suite 407
> Montgomery, AL 36104
> TEL: (334) 834-2099
> FAX: (334) 834-0353
> E-Mail: Christine_Freeman@fd.org